UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

MICHAEL MAYORGA

Case No. 6:05-bk-15092-ABB
Chapter 7

Debtor.
_____/

JAIME A. VEGA,

Plaintiff,

Adv. Pro. No. 6:06-ap-00033-ABB

vs.

MICHAEL MAYORGA,

Defendant.
_____/

## MEMORANDUM OPINION

This matter came before the Court on the Complaint to Determine Dischargeability of Debt Under Title 11 U.S.C. § 523 and Objection to Discharge Under 11 U.S.C. § 727 ("Complaint")[1] filed by Jaime E. Vega, the Plaintiff herein (the "Plaintiff"), against Michael Mayorga, the Defendant and Debtor herein (the "Debtor"). The Plaintiff seeks to have a debt in the amount of $350,686.41[2] deemed nondischargeable pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B),[3] and 523(a)(4) and to have the Debtor's discharge denied pursuant to 11 U.S.C. §§ 727(a)(2)(A), 727(a)(4)(A), and 727(a)(4)(B). The Complaint should be considered amended to conform to the evidence.

---

[1] Doc. No. 1.
[2] The Judgment was entered in the amount of $173,625.53. The Judgment was domesticated in Orange County, California. The Plaintiff inexplicably assumes the Judgment doubles in amount once domesticated, but it does not.
[3] The Plaintiff refers to § 523(a)(2)(B)(i)-(iv) as § 523(a)(2)(i)-(iv) at one point in his Complaint, but appears to mean § 523(a)(2)(B)(i)-(iv) throughout.

An evidentiary hearing was held on October 16, 2006 at which the Debtor, his counsel, and the Plaintiff, *pro se*, appeared. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

## **FINDINGS OF FACT**

Vilma M. Zepeda filed a Complaint for Damages[4] against the Debtor in 1993 in the Superior Court of the State of California, in and for the County of Los Angeles, captioned <u>Vilma M. Zepeda v. Michael Mayorga</u>, Case No. BC 076611. The Complaint alleges breach of contract, unjust enrichment, fraud, and intentional infliction of emotional distress. The California Superior Court entered a Judgment by Court After Default in favor of Vilma M. Zepeda and against the Debtor on July 9, 1993 (the "Judgment").[5] The Judgment sets forth the Debtor "was served with process."[6] The Judgment awards $172,480.00, plus attorney's fees $887.50 and costs of suit $258.03, to the Plaintiff.[7] The Judgment was then domesticated in Orange County, California.[8]

The Debtor filed an individual Chapter 7 bankruptcy case on October 14, 2005 ("Petition Date"). The Plaintiff filed this adversary proceeding to determine the dischargeability of obligations owed to him by the Debtor pursuant to the Judgment. The Plaintiff was not a party to the suit, but he contends the rights to the Judgment were assigned to him by Vilma M. Zepeda. The Plaintiff presented no evidence as to this assignment. He presented no proof he owned the Judgment or that he is a creditor or party in interest qualified to bring his Complaint.

---

[4] Plaintiff's Exh. No. L.
[5] Plaintiff's Exh. No. J (hereinafter "Judgment").
[6] Judgment at ¶ 1.
[7] Id.
[8] Plaintiff's Exh. No. I.

The Plaintiff contends the debt owed by the Debtor pursuant to the Judgment is a nondischargeable debt because the Judgment is based on allegations of fraud. The Judgment does not set forth the elements of a claim for fraud or specific findings each element was met. The Judgment does not set forth a basis deeming the debt to be nondischargeable.

The Plaintiff alleges the Debtor failed to disclose and fraudulently transferred his interest in four real estate properties prior to filing his Chapter 7 bankruptcy petition.[9] The Debtor did not have an ownership interest in these properties. Two of the properties belonged to the Debtor's first wife and the remaining two properties belonged to his second wife. He was advised to execute each of the title documents, but he did not receive an ownership interest.

The Plaintiff asserts the Debtor is not entitled to a discharge because the Debtor falsely testified under oath at the Section 341 meeting of creditors. The Debtor testified he was single when in fact he was married. He testified as to being single to protect his wife. The Debtor did not knowingly and fraudulently make a false statement in connection with his bankruptcy case. The Plaintiff further contends the Debtor knowingly made a false oath when he listed in Schedule A the current market value of his home as $155,500.00.[10] The Plaintiff asserts the value as being between $192,500.00 and $239,000.00 according to comparable sales data.[11] The true and correct value of the home would not affect the estate of the Debtor as Florida's homestead exemption is broad and the home appears to be protected, but the false testimony could prohibit a discharge. The Debtor claims to have used comparable pricing of equivalent houses within the area

---

[9] Plaintiff's Exh. Nos. D, E, F, and G.
[10] Doc. No. 1 of Main Case, No. 6:05-bk-15092-ABB.
[11] Plaintiff's Exh. No. H.

3

in completing Schedule A. The Debtor did not want to pay for a professional appraisal. He did not knowingly or fraudulently give a false statement as to the value of his home in his Schedule A. The Plaintiff's Complaint is due to be denied. He has failed to establish any act necessitating a denial of discharge.

## CONCLUSIONS OF LAW

The Plaintiff seeks denial of the Debtors' discharge pursuant to 11 U.S.C. §§ 727(a)(2)(A), 727(a)(4)(A), and 727(a)(4)(B) and challenges the dischargeability of the Judgment in the amount of $350,686.41 pursuant to 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), and 523(a)(4). The Complaint should be considered amended to conform to the evidence. Fed. R. Civ. P. 15(b) (2005).

The party objecting to a debtor's discharge or the dischargeability of a debt carries the burden of proof and the standard of proof is preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 291, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991); Fed. R. Bankr. P. 4005 (2005). Objections to discharge are to be strictly construed against the creditor and liberally in favor of the debtor. In re Hunter, 780 F.2d 1577, 1579 (11th Cir. 1986); In re Bernard, 152 B.R. 1016, 1017 (Bankr. S.D. Fla. 1993).

### *11 U.S.C. § 523*

Section 523(a)(2)(A) provides a chapter 7 discharge does not discharge an individual debtor from a debt to the extent such debt is obtained by "false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition." 11 U.S.C. §523(a)(2)(A) (2005). Section 523(a)(4) provides a Chapter 7 discharge does not discharge any individual from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

4

The Plaintiff contends the Judgment establishes the requisite fraud elements for nondischargeability pursuant to §§ 523(a)(2)(A) and (a)(4) and the collateral estoppel doctrine precludes relitigation of the fraud issues determined by the California state court. Collateral estoppel, also referred to as issue preclusion, precludes relitigation of issues tried and decided in prior judicial or administrative hearings where each party had a full and fair opportunity to litigate the issues decided. In re St. Laurent, 991 F.2d 672, 675 (11th Cir. 1993). Collateral estoppel principles apply to dischargeability proceedings. Grogan v. Garner, 498 U.S. 279, 285 n. 11, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991). The collateral estoppel law of the state that issued the prior judgment must be applied to determine whether the judgment has preclusive effect. Id.

California collateral estoppel law is the applicable law since the Judgment was issued by a California state court. California case law sets forth several threshold requirements that must be met for collateral estoppel to apply:

> First, the issue sought to be precluded from relitigation must be identical to that decided in a former proceeding. Second, this issue must have been actually litigated in the former proceeding. Third, it must have been necessarily decided in the former proceeding. Fourth, the decision in the former proceeding must be final and on the merits. Finally, the party against whom preclusion is sought must be the same as, or in privity with, the party to the former proceeding.

DiRuzza v. County of Tehama, 323 F.3d 1147, 1152 (9th Cir. 2003) (*quoting* Lucido v. Superior Court, 795 P.2d 1223, 1225 (Cal. 1990)). The party asserting collateral estoppel bears the burden of establishing these five requirements. In re Harmon, 250 F.3d 1240, 1245 (9th Cir. 2001). The court, after all of the threshold requirements are met, must decide whether application of the doctrine would "further the policy interests underlying the doctrine." Id. at 1247.

The Plaintiff has not established collateral estoppel is applicable. The Judgment does not set forth the elements of a claim for fraud or specific findings each element was met. The Judgment does not set forth a basis deeming the debt to be non-dischargeable. The Plaintiff was not a party to the original suit, and he has not established his assignment rights, and, therefore, he is not a qualified creditor to bring this suit.

Section 523(a)(2)(B) provides a Chapter 7 discharge does not discharge any individual from any debt to the extent such debt is obtained by the use of a statement in writing (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive. 11 U.S.C. § 523(a)(2)(B). The Plaintiff has not established any act of the Debtor consistent with the provision.

### *11 U.S.C. § 727*

Section 727(a)(2)(A) and (B) of the Bankruptcy Code provides a debtor's discharge shall be denied where the debtor has, with the intent to hinder, delay, or defraud a creditor, transferred, removed, destroyed, mutilated, or concealed property of the debtor within one year of the petition date, or property of the estate after the date of the filing of the petition. 11 U.S.C. § 727(a)(2)(A) and (B). The Debtor did not have an ownership interest in the property the Plaintiff alleges he failed to disclose to his creditors and fraudulently transferred.

Section 727(a)(4) of the Bankruptcy Code provides a debtor's discharge shall be denied where the debtor knowingly and fraudulently, in or in connection with the case, made a false oath or account or presented or used a false claim. 11 U.S.C. § 727(a)(4).

The Debtor did not knowingly and fraudulently make a false oath or account in connection with his bankruptcy case. The Debtor testified as to being single only to protect his wife from involvement. He did not intend to defraud his creditors or withhold information with this testimony. The Debtor claims he did not knowingly make a false oath as to the market value of his home in his Schedule A. The Debtor used comparable pricing of equivalent houses within the same area. He could not afford to hire a professional appraiser.

The Plaintiff has failed to establish the elements of 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), or 523(a)(4). The debt is not entitled to be excepted from discharge. The Plaintiff has failed to establish the elements of 11 U.S.C. §§ 727(a)(2)(A), 727(a)(4)(A), or 727(a)(4)(B). Denial of the Debtor's discharge is not appropriate. A separate judgment in favor of the Debtor and against the Plaintiff consistent with these Findings of Fact and Conclusions of Law shall be entered contemporaneously.

Dated this 30 day of October, 2006.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge